IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Philip A. Brimmer

Civil Action No. 21-cv-03203-PAB

ROBERT EDWARD HILL,

    Applicant,

v.

JEFF LONG, Warden, SCF,
DEAN WILLIAMS, Executive Director, CDOC, and
PHILIP J. WEISER, Attorney General of the State of Colorado,

    Respondents.

---

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

---

This matter is before the Court on the Prisoner Motion for Appointment of Counsel [Docket No. 42], filed December 6, 2023. For the reasons discussed below, the motion will be denied.

**Background**

Applicant is a prisoner in the custody of the Colorado Department of Corrections. Applicant has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, Docket No. 1, asserting five claims challenging the validity of his state court conviction and sentence. On June 7, 2022, the action was dismissed based on a determination that claim four is not a federal constitutional claim and the remaining claims are barred by the one-year limitation period. On September 5, 2023, the United States Court of Appeals reversed on the timeliness issue and remanded "for consideration of Mr. Hill's claim of actual innocence based on the new evidence presented during his post-conviction proceedings." Docket No. 31 at 6. The action

subsequently was reopened and Respondents were directed to submit the state court record and to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of Applicant's remaining claims and the threshold issue of whether Applicant is entitled to an equitable exception to the one-year limitation period. Applicant was given an opportunity to file a reply, if any.

On November 16, 2023, Respondents filed their Answer, Docket No. 41, and the state court record. Applicant has not yet filed a reply.

**Analysis**

"There is no constitutional right to counsel beyond the direct appeal of a criminal conviction." *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). However, a judge may appoint counsel in § 2254 proceedings to a financially eligible individual if the Court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In addition, "there is a right to counsel in a habeas case when the district court determines that an evidentiary hearing is required." *Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). More specifically, Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Furthermore, Rule 6(a) provides that, "[i]f necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A."

Applicant alleges he is indigent, and it appears he is financially eligible for appointment of counsel. But the Court has not determined an evidentiary hearing is warranted and no discovery has been authorized. Therefore, Applicant is not entitled

to appointment of counsel and the Court exercises its discretion in considering the motion.  *See Swazo*, 23 F.3d at 333 (noting "that generally appointment of counsel in a § 2254 proceeding is left to the court's discretion").

The factors to consider in deciding whether to appoint counsel generally include the merits of the claims, the nature of the factual issues raised, the litigant's ability to present his claims, and the complexity of the legal issues being raised.  *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

The Court is not persuaded that appointment of counsel is necessary in the interests of justice.  The Court has made no determination regarding the merits of Applicant's claims, but the papers filed in this action, and Applicant's success on appeal, indicate he is capable of presenting his claims and responding to the legal arguments raised by Respondents.  It does not appear that the legal issues relevant to Applicant's remaining ineffective assistance of counsel claims are overly complex.

Accordingly, it is

ORDERED that the Prisoner Motion for Appointment of Counsel [Docket No. 42] is denied.

DATED December 8, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge